# UNITED STATES DISTRICT COURT
for the

Northern District of Iowa

| | |
|---|---|
| United States of America<br>v.<br><br>Damien Lamont Cobbins<br><br>*Defendant(s)* | )<br>)<br>) Case No. 22-CR-02048<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 17, 2022__ in the county of __Black Hawk__ in the __Northern__ District of __Iowa__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) | Distribution of a controlled substance |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Michael J. Marcotte, Investigator, Tri-County Drug Task Force
*Printed name and title*

☐ Sworn to before me and signed in my presence.

☑ Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone or other reliable electronic means.

Date: August 19, 2022

*Judge's signature*

Northern District of Iowa

Mark A. Roberts, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Michael J. Marcotte, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Sections 841(a)(1), among others.

2. I am a sworn member of the Cedar Falls Police Department, and I have been employed with the Cedar Falls Police Department as an Officer since August 2016. I am currently assigned to the Tri-County Drug Enforcement Task Force ("Tri-County Task Force"), and I have been so assigned since January 3, 2019. I have been deputized as a federal law enforcement officer with the Federal Bureau of Investigation since January 2019. I have previously worked for the University of Northern Iowa Police Division as a Police Officer, and I have been a certified peace officer in good standing through the Iowa Law Enforcement Academy since August 2013. I have been assigned to first-, second-, and third-shift patrol divisions, and I am a Field Training Officer certified through Field Training Associates. I am also a member of the Cedar Falls SWAT team. As a certified peace officer with the University of Northern Iowa Police Division, Cedar Falls Police Department, and Tri-County Task Force, I have been involved in numerous investigations pertaining

1

to controlled substances, including methamphetamine, heroin, cocaine, marijuana, and prescription drugs.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agent witnesses. This affidavit is intended to show merely that there is sufficient probable cause to believe that Damien COBBINS distributed a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), as alleged in the criminal complaint, and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. On May 17, 2022, an undercover officer (UC) contacted an individual that later became a cooperating source (hereinafter referred to as CS), and UC arranged for the purchase of purported heroin from CS.[1]

5. After arranging the transaction, UC drove to an area of Kern Street near the intersection of Avon Street in Waterloo, Iowa, and picked up CS. UC then began driving, following the instructions from CS as to where to go. CS made a

---

[1] CS has provided information to the Tri-County Task Force on and off for a couple years; however, CS has most recently provided information since August 2022. CS has admitted that CS formerly conducted middleman-style transactions between COBBINS and another individual. CS is a heroin user. CS is currently in federal custody awaiting trial for several drug-related charges. CS provided information pursuant to a federal proffer agreement. CS has the following felony convictions: armed robbery in 1987, possession of a controlled substance in 1991, and armed robbery and aggravated battery with firearm in 1997. Much of the information provided by CS was corroborated by law enforcement techniques, which include visual surveillance observations made by detectives, recording / listening devices, and information obtained through search warrants. Since investigators have taken steps to independently corroborate much of the information provided by CS, I believe the information to be reliable and accurate, and for that reason, I believe CS to be credible.

2

phone call while riding with UC and advised UC that they would need to go to the "store" near CS's residence in Waterloo. UC drove to a strip mall located south of the railroad tracks on East 4th Street in Waterloo. Once they arrived, CS asked UC for money, and UC provided CS $120 for the purchase of purported heroin. CS exited UC's car and told UC to park behind CS's residence and wait.

6. Law enforcement officers conducting surveillance observed CS as CS stood in front of a convenience store on East 4th Street, where CS appeared to be waiting for someone to arrive. Officers observed phone activity via a pen register from CS's phone and a phone believed to be utilized by Damien COBBINS. After a short period of time, officers observed COBBINS driving toward the convenience store. COBBINS then pulled into the convenience store parking lot and CS entered the passenger seat of COBBINS's vehicle. After a brief meeting, CS exited COBBINS's vehicle and COBBINS exited the parking lot. Officers visually identified COBBINS as the driver of the vehicle.

7. After meeting with COBBINS, CS called UC and directed UC to pick him/her up. Once UC arrived, CS got into the front passenger seat of UC's vehicle and directed UC to drive to a pharmacy on Franklin Street in Waterloo. After they arrived at the pharmacy, CS exited UC's vehicle and went into the store. CS returned to UC's vehicle a short time later after purchasing a box of Sleepinal capsules. After CS returned, and in the parking lot of the pharmacy, CS opened a knotted plastic bag and poured a portion of the contents of the knotted plastic bag (a powdery substance) into a different plastic bag and gave it to UC. CS also handed

3

UC several Sleepinal capsules and instructed UC to "cut" the powdery substance with the Sleepinal capsules. I know based upon my education, training, and experience that Sleepinal capsules and other similar substances are utilized, in part, to decrease the potency of opioids to reduce the risk of an overdose.

8. After the exchange, UC drove CS back to the area of Kern Street and Avon Street in Waterloo.

9. Law enforcement sent the bag containing the powdery substance UC obtained from CS to the Division of Criminal Investigation Criminalistics Laboratory in Ankeny, Iowa, where it was determined that the powdery substance was 0.24 grams of mixture or substance containing a detectable amount of heroin and fentanyl.

10. In August 2022, law enforcement met with CS pursuant to a federal proffer agreement. During the interview, CS admitted that, on May 17, 2022, he/she had obtained the heroin/fentanyl mixture from COBBINS at the convenience store before distributing it to UC.

4

## CONCLUSION

11. Based upon my training and experience, I believe there is probable cause to find that, on or about May 17, 2022, in the Northern District of Iowa, Damien COBBINS distributed a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Respectfully submitted,

Michael J. Marcotte
Investigator
Tri-County Task Force

Subscribed and sworn to before me by telephone or other electronic means this 19th day of August, 2022.

MARK A. ROBERTS
United States Magistrate Judge
Northern District of Iowa

5